**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4001**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DAVID ALLEN STARKEY,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  Thomas S. Kleeh, Chief District Judge.  (2:24-cr-00006-TSK-MJA-1)

_____

Submitted:  February 26, 2026            Decided:  March 2, 2026

_____

Before NIEMEYER and QUATTLEBAUM, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Shawn A. Morgan, STEPTOE & JOHNSON PLLC, Bridgeport, West Virginia, for Appellant.  Stephen Donald Warner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Allen Starkey entered a conditional guilty plea, pursuant to a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), reserving his right to appeal the district court's denial of his motion to dismiss the indictment on Second Amendment grounds. The district court sentenced Starkey to 165 months' imprisonment and three years' supervised release. On appeal, counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the denial of the motion to dismiss the indictment and raising a sentencing issue.[*] Although notified of his right to do so, Starkey has not filed a pro se supplemental brief. We affirm.

Starkey first asserts that the district court erred by denying his motion to dismiss the indictment. He argues that the indictment violated his Second Amendment rights. Starkey's claim is foreclosed by our decision in *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025).

Turning to the sentencing issue, we "review[] all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Claybrooks*, 90 F.4th 248, 257 (4th Cir. 2024) (citation modified). We "must first ensure that the district court committed no significant procedural error," which includes, among other things, "improperly

---

[*] *Anders* counsel notes that Starkey's waiver of appellate rights in the plea agreement bars review of his sentencing claim. But because the Government has not invoked the waiver, we may conduct our *Anders* review. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

calculating[] the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no significant procedural error, then we consider the sentence's substantive reasonableness under "the totality of the circumstances." *Id.*; *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). We afford a presumption of reasonableness to any sentence within or below a properly calculated Guidelines range. *United States v. Henderson*, 107 F.4th 287, 297 (4th Cir.), *cert. denied*, 145 S. Ct. 578 (2024). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *Id.* (citation modified).

Our review of the record confirms the procedural reasonableness of Starkey's sentence. Although Starkey contests on appeal the district court's application of the cross-reference in U.S. Sentencing Guidelines Manual § 2K2.1(c)(1)(A) to the drug Guidelines to establish a base offense level of 30, we conclude that the district court did not err in applying the cross-reference. *See* USSG §§ 2K2.1 cmt. n.14(B)(ii), (C), 2D1.1(c)(5). The district court adopted the otherwise uncontested Guidelines calculations set forth in the presentence report, and we discern no error in the calculation of Starkey's advisory Guidelines range. The district court afforded the parties an opportunity to argue for an appropriate sentence, and Starkey declined to allocute. The district court considered the § 3553(a) factors and Starkey's arguments and provided a reasoned explanation for the sentence. Finally, because nothing in the record undermines the presumption of

3

substantive reasonableness afforded the selected sentence, Starkey's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Starkey, in writing, of the right to petition the Supreme Court of the United States for further review. If Starkey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Starkey. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*